# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OMAR SIGUE,

        Petitioner,

    v.

WARDERN, SCI-GREENE,

        Respondent.

No. 3:21-CV-00527

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 11, 2022

Petitioner, Omar Sigue, a state inmate presently confined in the Greene State Correctional Institution, Waynesburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction on numerous grounds.[1]  Respondent filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[2]  Although provided an opportunity,[3] Petitioner chose to not file a traverse.  For the reasons discussed below, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

---

[1]  Doc. 1.
[2]  Doc. 10.
[3]  Doc. 7.

## I.    BACKGROUND

On September 20, 2007, Petitioner entered into a negotiated plea agreement, in which he pled guilty to one count each of Aggravated Assault, Possession with Intent to Deliver Crack Cocaine, Firearms Not to be Carried Without a License, Prohibited Offensive Weapons, Possession of Cocaine, and Recklessly Endangering Another Person.[4]  On October 31, 2007, Petitioner was sentenced to an aggregate sentence of twelve (12) to forty-two (42) years in a State Correctional Facility.[5]  No direct appeal was filed.  Petitioner did, however, filed a motion to modify sentence which was granted on November 30, 2007 and Petitioner was granted 251 days of credit for time spent incarcerated from February 12, 2007 to October 31, 2007.[6]

On April 17, 2008, Petitioner filed a timely PCRA petition with the trial court.[7]  That court denied the petition on the merits on December 15, 2008.[8]  On January 5, 2009, Petitioner filed a timely notice of appeal to the Pennsylvania Superior Court.[9]  On December 18, 2009, the Pennsylvania Superior Court affirmed the PCRA court's decision and denied Petitioner relief.[10]  Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania,

---

[4]   Doc. 10 at 1.
[5]   *Id.* at 3.
[6]   *Id.*
[7]   *Id.* at 4.
[8]   *Id.*
[9]   *Id.* at 6.
[10]   *Id.* at 7.

which denied the petition on September 2, 2010.[11]

Plaintiff filed the instant petition for writ of habeas corpus on March 16,

2021, which was docketed on March 23, 2021.[12]

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the

applicable statute of limitations for Petitioner's habeas petition, and it provides, in

pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to a judgment
> of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.[13]

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a

determination of, first, when the pertinent judgment became "final," and, second,

the period of time during which an application for state post-conviction relief was

"properly filed" and "pending."  The judgment is determined to be final by the

conclusion of direct review, or the expiration of time for seeking such review,

---

[11]  *Id.*
[12]  Doc. 1.
[13]  28 U.S.C. § 2244(d). *See also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.[14]

Here, Petitioner was sentenced on his underlying criminal charges on October 31, 2007.  His motion for modification of sentence was granted on November 30, 2007.  Petitioner did not file a direct appeal and therefore, his conviction became final on or about December 31, 2007.[15]  His federal habeas statute of limitations thus began to run on December 31, 2007.  Once Petitioner filed his PCRA petition on April 17, 2008, however, the statute of limitations was tolled.  By that point, 108 days of the statute of limitations had already run.

Petitioner's PCRA proceedings concluded on September 2, 2010, when the Supreme Court of Pennsylvania denied allocatur.  Therefore, his federal statute of limitations began to run again the next day, September 3, 2010.  The remaining 257 days of the statute expired on or about May 18, 2011.

Petitioner did not file the instant habeas petition until more than nine years later, on March 16, 2021.  It is therefore untimely.

The Court must next determine whether equitable tolling may apply to Petitioner's untimely petition.  In *Holland v. Florida* , the Supreme Court of the United States held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.[16]  A litigant seeking equitable

---

[14]  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

[15]  *See* Pa. R. App. P. 903 (providing thirty days in which to file a direct appeal).

[16]  560 U.S. 631, 649-50 (2010).  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).

tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[17]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[18] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[19] Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[20]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[21] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent

---

[17] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

[18] *Holland*, 560 U.S. at 653.

[19] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

[20] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.")

[21] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[22]

Indeed, extraordinary circumstances have been found only where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[23] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[24]

In the matter at hand, Petitioner was put on notice regarding the untimeliness of his federal habeas petition by Respondent's answer and had an opportunity to address the untimeliness and arguments in favor of tolling in his reply.  Petitioner chose not to file a traverse.  Thus, the Court was not presented with any

---

[22] *LaCava*, 398 F.3d at 275–276.  *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[23] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

[24] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000))

explanation for Petitioner's delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and sees no circumstance which could potentially trigger equitable tolling. Because, however, Petitioner is proceeding *pro se*, the Court will permit Petitioner thirty (30) days in which to present the Court with any argument he wishes to make regarding equitable tolling. Failure to do so will result in the petition being dismissed with prejudice.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[25] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[26]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it

---

[25]   28 U.S.C. § 2253(c)(2).
[26]   *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[27]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  Consequently, no certificate of appealability shall issue.

## IV.    CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d).  Petitioner is granted leave to plead over regarding the equitable tolling issue.  A certificate of appealability shall not issue.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[27]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).